**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **In Re:**<br><br>**Joseph Henry Horan**<br>**5659 Vega Drive**<br>**Fort Worth, TX 76133**<br>**817-333-7028**<br>**SSN / ITIN: xxx-xx-2558,**<br><br>**Debtor.** | **Case No. 26-41949**<br><br>**Chapter 7** |
| **JOSEPH HENRY HORAN,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**UNITED STATES DEPARTMENT OF EDUCATION, et al.,**<br><br>**Defendants.** | **Adv. Proc. No. 26-04085-mxm** |

**UNOPPOSED MOTION OF MOVANT EDUCATIONAL CREDIT MANAGEMENT CORPORATION FOR SUBSTITUTION AS A DEFENDANT IN THE PLACE OF NAMED DEFENDANT ASCENDIUM EDUCATION SOLUTIONS, INC.**

TO THE HON. UNITED STATES BANKRUPTCY JUDGE:

Movant EDUCATIONAL CREDIT MANAGEMENT CORPORATION ("ECMC") moves, pursuant to B.R. 7025 and F.R. Civ. P. 25 (c), that it be substituted as Defendant in the place of named Defendant Ascendium Education Solutions, Inc. ("Ascendium") and in support states the following:

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE ELDON B. MAHON U.S. COURTHOUSE, 501 W. 10TH ST., RM. 147, FORT**

**WORTH, TX 76102-3643 BEFORE CLOSE OF BUSINESS ON OCTOBER 8, 2026, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY. IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

1. Plaintiff, Joseph Henry Horan ("Plaintiff") is the Debtor herein. Plaintiff's Complaint in this adversary proceeding seeks to discharge his student loan obligations pursuant to 11 U.S.C. § 523(a)(8).

2. Among Plaintiff's student loan obligations are two (2) Federal Family Education Loan Program ("FFELP") Consolidation loans with a last disbursement dates on or about September 6, 2006, with a total disbursed amount of $22,655.72, and with an approximate current outstanding approximate balance exceeding $55,145.55 (hereafter the "ECMC Loans"). Attached as Exhibit "A" is a "snapshot" of the two Consolidation Loans of Plaintiff assigned from Ascendium Solutions, Inc. to ECMC, which exhibit is attached for purposes of identifying the loans held by ECMC.[1] The original lender of the ECMC Loans as of the two consolidation loans was Deutsche Bank ELT Navient & SLM Trusts. Ascendium Education Solutions, Inc., was the guarantor ("Ascendium") prior to the assignment on August 1, 2026.[2]

---

[1] The loan amounts listed herein are for the purposes of identifying the loans which ECMC holds. Fees, costs and interests may continue to accrue pursuant to applicable law, and ECMC may supplement loan information during the litigation.

[2] Under the FFELP, private lenders made federal student loans to borrowers. Guaranty agencies such as ECMC guaranteed these funds and, in turn, were reinsured by the federal government. *See* Federal Student Aid (an Office of the U.S. Department of Education), FFEL Program Lender and Guaranty Agency Reports, https://studentaid.ed.gov/sa/about/data-center/lender-guaranty (visited

3. Effective as of August 1, 2026, Ascendium assigned its entire FFELP guarantor portfolio to ECMC, which assignment included the two Consolidation Loans of Plaintiff which make up, in part, the student loan debt made the subject of this Adversary Proceeding. Attached as Exhibit "B" is a copy of the Blanket Assignment of Guarantee Portfolio from Ascendium to ECMC.

4. ECMC is a non-profit corporation organized under the laws of the State of Minnesota and a student loan guaranty agency in the FFELP. ECMC is governed by the Higher Education Act, 20 U.S.C. § 1070, *et seq*., and 34 C.F.R. 682.100, *et seq*.

5. Under the FFELP, lenders may not hold interests in student loans that are the subject of a bankruptcy adversary proceeding and, in such circumstances, are required to file claims with the FFELP guarantor under a promissory note's guaranty provision and in accordance with federal law. *See* 34 C.F.R. § 682.402(f).[3] Thus, as a result of Plaintiff's commencement of this adversary proceeding, the lender (or the servicer and on behalf of the lender), filed a claim with the guarantor. Upon payment of the claim, ECMC became the holder of all right, title, and interest in the ECMC Loans. As a result, ECMC is the present holder of all right, title, and interest in the ECMC Loans and, accordingly, has standing to defend this adversary proceeding.

6. Given that ECMC possesses by assignment all right, title and interest in the ECMC Loans, ECMC is "so situated that the disposition of th[is] action" without ECMC's participation would,

October 6, 2020). Following the passage of the Health Care and Education Reconciliation Act of 2010, no new FFELP loans were disbursed after June 30, 2010. *Id*.

[3] Federal regulations expressly provide that "the lender shall file a bankruptcy claim on the loan with the guaranty agency… if… [t]he borrower has begun an action to have the loan obligation determined to be dischargeable on grounds of undue hardship." *See* 34 C.F.R. § 682.402(f)(5). Thereafter, "[i]n the case of a bankruptcy claim, the guaranty agency shall, upon receipt of the claim from the lender, immediately take those actions required… to oppose the discharge of the loan by the bankruptcy court." 34 C.F.R. § 682.402(h)(1)(ii); *see also* 34 C.F.R. § 682.402(i)(1)(iv). Thus, upon receipt of a bankruptcy claim, the guarantor becomes the real party in interest in an adversary proceeding seeking an undue hardship discharge of a student loan.

as a practical matter, impair or impede ECMC's ability to protect its interest in the ECMC Loans. *See* Fed. R. Civ. P. 25(c). Further, ECMC's interest will not be adequately protected by Ascendium Solutions, Inc. because it no longer holds the ECMC Loans and, therefore, does not possess the requisite statutory authority, nor the incentive, to defend the instant action to determine the dischargeability of the ECMC Loans under § 523(a)(8). *Id*. Thus, ECMC is entitled to substitute as a matter of right under Fed. R. Civ. P. 25(c) in the place of Defendant Ascendium Solutions, Inc.

7. ECMC further requests that upon entry of an order granting this Motion to Substitute, that it be allowed fourteen (14) days to file an answer to the Amended Complaint.

WHEREFORE, for the foregoing reasons, ECMC respectfully requests that the Court enter an Order substituting ECMC in place of Defendant Ascendium Solutions, Inc. in this action, as a party defendant, in accordance with Fed. R. Bankr. P. 7025; and that upon entry of such order, that ECMC be allowed fourteen (14) days to file an answer to the Amended Complaint, if one has not already been filed by ECMC; and granting ECMC such other and further relief as the Court deems necessary and proper.

Respectfully submitted,

KENT, ANDERSON, BUSH & FROST, P.C.

By: /s/ *Donald W. Cothern*
DONALD W. COTHERN
Texas State Bar No. 04858550

2320 Dueling Oaks Drive
Tyler, Texas 75703
Telephone No.: (903) 579-7500
Facsimile No.: (903) 581-3701
Email: dcothern@kabfm.net

ATTORNEYS FOR MOVANT EDUCATIONAL CREDIT MANAGEMENT CORPORATION

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that he conferred with Pro Se Plaintiff Joseph Henry Horan by email on September 1, 2026, and on September 2, 2026, and the relief sought by this Motion is unopposed.

/s/ Donald W. Cothern
DONALD W. COTHERN

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this Motion has been served on Plaintiff Pro Se Joseph Henry Horan, 5659 Vega Drive, Fort Worth, Texas 76133, by first class mail sent to that address, postage prepaid, in a properly addressed envelope, and also by email to jhchoran@gmail.com; and to Mark Stromberg, Stromberg Stock PLLC, 8350 N Central Expressway Suite 1225Dallas, Texas 75206, counsel for Navient Solutions, LLC, by email through the Court's ECF system; on September 17, 2026.

/s/ Donald W. Cothern
DONALD W. COTHERN